IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-40177

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS SILLER

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(C-97-241-1)

---

December 4, 1998

Before HIGGINBOTHAM, JONES, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Siller timely appeals his conviction for possession with intent to distribute cocaine. In particular, Siller contends that the district court erred in denying his motion to suppress evidence obtained during the search of his automobile. Siller claims that the initial stop of his automobile was illegal.

"On appeal from the denial of a motion to suppress we review the district court's factual findings under the clearly erroneous standard and its conclusions of law de novo." United States v. Johnson, 16 F.3d 69, 71 (5th Cir. 1994). The evidence adduced

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

below is viewed most favorably to the prevailing party unless it is inconsistent with the trial court's findings or clearly erroneous. See United States v. Shabazz, 993 F.2d 431, 434 (5th Cir. 1993).

The trial court's finding that Siller drove on the improved shoulder prior to initiating his right hand turn is not clearly erroneous. Based on this finding, the trial court correctly concluded that officer Dial had probable cause to believe that Siller had committed a traffic violation. See Texas v. Brown, 460 U.S. 730, 742 (1983) ("[P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief.'") (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)). That Dial had an alternative motive for stopping Siller's vehicle is of no moment. See Whren v. United States, 116 S. Ct. 1769, 1774 (1996).

The judgment of the district court is affirmed.